# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **LACEY A. SHARP,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**NATIONAL HEALTH INSURANCE D/B/A NATIONAL GENERAL, NATIONAL GENERAL ACCIDENT & HEALTH,**<br><br>    **Defendant.** | **Civil Action No.: 6:23-cv-00099**<br><br>**Removed from the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida**<br>**Case No. 2022-CA-002923** |

## DEFENDANT NATIONAL HEALTH INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, National Health Insurance Company ("NHIC"), under 28 U.S.C. §§ 1441 and 1446, hereby gives notice of the removal of this civil action, which is currently pending in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, as Case No. 2022-CA-002923, to the United States District Court for the Middle District of Florida, Orlando Division. This action is removable under 28 U.S.C. §§ 1332 and 1441(b) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Defendant is diverse from the Plaintiff. As grounds for this Notice of Removal, NHIC states as follows:

## THE STATE COURT ACTION

On December 15, 2022, Plaintiff filed a complaint styled *Sharp v. National Health Insurance D/B/A National General, National General Accident & Health*, in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case No. 2022-CA-002923 (the "Complaint").

Plaintiff asserts one cause of action against NHIC for breach of contract related to an insurance policy certificate (the "Policy") that NHIC issued to Plaintiff. *See generally* Compl. ¶¶ 1-23.

## PAPERS FROM REMOVED ACTION

Under 28 U.S.C. § 1446(a), a true and correct copy of the summons, Complaint, and all other documents served on NHIC in the state court action are attached hereto as follows: **Exhibit A** – State Court Complaint; **Exhibit B** – Docket Sheet; and **Exhibit C** – State Court Other Documents.

## THE REMOVAL IS TIMELY

Section 28 U.S.C. § 1446(b)(1) provides that a notice of removal shall be filed "within 30 days after the receipt…of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Plaintiff served NHIC with summons and a copy of the Complaint on December 20, 2022—within 30 days of this filing.

## VENUE IS PROPER

Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, under 28 U.S.C. § 1441(a) and Local Rule 1.06 because this action is being removed from the Eighteenth Judicial Circuit, in and for Seminole County, Florida.

## THIS COURT HAS ORIGINAL JURISDICTION

Removal of this action is proper under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332. The action meets both requirements of this statute: there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

To establish diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity between the parties. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, Plaintiff is a citizen of the State of Florida; conversely, NHIC is not a citizen of Florida. Therefore, complete diversity exists.

A corporation is a citizen of "every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. § 1332(c)(1). NHIC is incorporated in Texas and has its principal place of business in Texas. NHIC is therefore a citizen of Texas for diversity of citizenship purposes. NHIC denies that it is doing business as "National General, National General Accident & Health," as listed in the Complaint. "National General, National General Accident & Health" is a nonexistent entity; therefore, its citizenship is irrelevant for purposes of diversity jurisdiction. Because NHIC is a citizen of the State of Texas and Plaintiff is a citizen of the State of Florida, complete diversity of citizenship exists.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

To establish diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000. The Complaint does not allege a specific amount of damages. Rather, Plaintiff only alleges that this is an action for damages in excess of $30,000, the state circuit court's minimum jurisdictional amount. Compl. ¶ 1.

"Where a plaintiff does not pled a specific damage amount, the removing defendant must establish the amount in controversy by a preponderance of the evidence." *Gluth v. American Airlines, Inc.*, 2020 WL 897986, at *1 (M.D. Fla. Feb. 25, 2020) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). Establishing the amount in controversy is not demanding: "a defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Schaefer v. Seattle Service Bureau, Inc.*, 2015 WL 6746614, at *3 (M.D. Fla. Nov. 5, 2015) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)). NHIC is not required to prove the amount in controversy "beyond all doubt." *Pretka*, 608 F.3d at 754. Likewise, a district court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable" and "need not suspend reality or shelve common sense" in making such a determination. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (citing *Pretka*, 608 F.3d at 754, 770) (internal quotations omitted).

Here, the amount in controversy exceeds $75,000. Plaintiff alleges that NHIC denied four claims (Claim No. 615ZN59, Claim No. 615ZN20, Claim No. 615ZN09, and Claim No. 615ZN30) submitted by several medical providers relating to medical expenses that Plaintiff alleges should have been covered by NHIC under the Policy, but that were instead denied by NHIC. Compl. ¶ 8. Plaintiff further contends that "under the terms of the Policy, [NHIC] was required to cover *all* of the medically necessary claims submitted by the medical providers that treated Plaintiff." *Id*. at ¶ 9 (emphasis added).

From these allegations, NHIC can determine the precise amount of medical expenses in controversy by virtue of four Explanations of Benefits (EOBs) that NHIC submitted to Plaintiff prior to the filing of this action. The EOBs explained NHIC's four declinations of coverage. The EOBs show that the "Patient Responsibility" portions of the four claims listed in Plaintiff's Complaint—which are identical to the "Ineligible Amount" portions because NHIC determined that the medical services in question were related entirely to excluded pre-existing conditions—

4

cumulatively total $101,750.30. *See generally* **Exhibit D**, "EOBs."[1] The four EOBs contain claim numbers that precisely match the claim numbers listed by Plaintiff in the Complaint. Exhibit D at 1, 3, 5, and 9; Compl. ¶ 8. The EOBs also reveal that NHIC concluded that $2,815, $3,660, $94,315.30, and $960 (cumulatively, $101,750.30) of the medical expenses from the four claims submitted to NHIC relating to Plaintiff were declined by NHIC and deemed "patient responsibility" because of the prior existing conditions exclusion under the Policy. Plaintiff brings this breach of contract action to recover "all" of these claims: therefore, Plaintiff seeks $101,750.30 plus attorneys' fees, exclusive of interest and costs. Compl. ¶ 23. These sought damages exceed $75,000, and therefore the amount in controversy requirement of diversity jurisdiction is satisfied.

\*\*\*

Accordingly, this state court action is properly removed to this Court under 28 U.S.C. § 1441(a) because (i) this is a civil action pending within the jurisdiction of the United States District Court for the Middle District of Florida, (ii) this action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] For removals to federal court on diversity of citizenship grounds, it is proper for the removing defendant to introduce—and for a court to consider—invoices, bills, and other records of charges showing the true amount in controversy where the complaint does not provide a specific amount of damages sought. *See Dickerson v. Barancik*, 2018 WL 11176792, at \*3 (M.D. Fla. Dec. 6, 2018) (holding that a removing defendant proved the amount in controversy by attaching medical invoices showing that the plaintiff incurred well over $75,000 in medical bills); *see also Restoration USA, LLC v. Integon National Insurance Co.*, 2020 WL 6343329, at \*3 (S.D. Fla. June 2, 2020) (holding that invoices alone—in the control of the defendant—showing the amount that the plaintiff claimed he was owed would have sufficiently supported removal and, in fact, started the 30-day clock on removal).

## NOTICE TO PLAINTIFF AND STATE COURT

Under 28 U.S.C. § 1446(d), NHIC will file with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida a Notice of Filing of Notice of Removal, and is contemporaneously giving notice to Plaintiff of this removal.

**WHEREFORE**, NHIC hereby removes the above-captioned action pending against it in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

DATED:  January 19, 2023

*/s/ Zachary P. Martin*
Gary L. Howard (FBN 164887)
Zachary P. Martin (FBN 1003483)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL  35203
Telephone: (205) 521-8000
Fax: (205) 521-8800
Email:  ghoward@bradley.com
           zmartin@bradley.com

*Counsel for Defendant, National Health Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and served the foregoing on counsel for Plaintiff, via electronic mail as follows:

Maria T. Santi
Juan-Carlos Andaluz
msanti@yourinsuranceattorney.com
jca@yourinsuranceattorney.com
health@yourinsuranceattorney.com
Your Insurance Attorney, PLLC
2601 S. Bayshore Drive, 5th Floor
Miami, FL 33133
*Attorneys for Plaintiff*

                                    */s/ Zachary P. Martin*
                                    Gary L. Howard
                                    Zachary P. Martin
                                    ***Counsel for Defendant, National Health Insurance Company***